United States District Court
For the Northern District of California

E-Filed on: 9/20/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAN THU TRAN, et al., <br><br> Defendants. | No. C-05-05017 RMW <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT <br><br> **[Re Docket No. 14]** |

Plaintiff Garden City Boxing Club, Inc. moves for default judgment against defendants Lan Thu Tran, individually, and d/b/a/ Lai-Rai/Desperado a/k/a Desesperado (collectively, "defendants"). Defendants have not appeared in this action and default judgment has previously been entered against defendants.[1] Defendants filed no opposition to the present motion. The court finds this matter suitable for determination on the papers without oral argument. Civil L.R. 7-1(b). Accordingly, the September 22, 2006 hearing date is VACATED. The court has considered the papers submitted in support of the motion. For the reasons set forth below, the court GRANTS plaintiff's motion for default judgment. Judgment shall be entered in favor of plaintiff in the amount of $6,400 in damages. Plaintiff is to file written declaration supporting the specific amounts of

---

[1] Default was entered against defendants on April 24, 2006 for failure to timely respond to the complaint and summons.

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT—No. C-05-05017 RMW
SPT

1  attorney's fees requested within fourteen days.

## I. ANALYSIS

3  The allegations in the complaint are deemed true as a result of the entry of default. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Default judgment was entered against defendants on April 24, 2006. According to plaintiff's complaint, pursuant to contract plaintiff holds the exclusive nationwide television distribution rights to *Erik Morales v. Marco Antonio Barrera III World Super Featherweight Championship Fight Program* (the "Program") which took place November 27, 2004. Compl. ¶ 10-11. The Program was broadcast via closed circuit television. Pl.'s Mot. at 2. As alleged, defendants, without authority, intercepted the transmission of the Program and broadcast it at defendants' commercial establishment. Compl. ¶ 13. Plaintiff also submit the affidavit of a private investigator who observed the broadcast at defendants' establishment on November 27, 2004. *See* Nov. 27, 2004 Affidavit of Anthony Dazhan. Defendants charged a per person cover of ten dollars. *Id.* Forty persons were present at the establishment, which has a capacity limit of eighty people. *Id.* Plaintiff alleges that defendants' unauthorized interception and broadcast constitute violations of 47 U.S.C. § 605, *et seq.* and 47 U.S.C. § 553, *et seq.* Plaintiff also allege a state law claim of conversion.

### A.   Sections 605(a) and 553(a)

Section 605(a) prohibits the unauthorized interception of encrypted closed-circuit telecasts. 47 U.S.C. § 605(a); *see also Don King Productions/Kingvision v. Maldonado*, 1998 WL 879683 (N.D. Cal. 1998) (Orrick, J.). Section 553(a) prohibits the unauthorized interception of "any communications service offered over a cable system." 47 U.S.C. § 553(a); s*ee also Entertainment by J&J, Inc. v. Montecinos*, 2002 WL 1735384 (N.D. Cal. 2002) (Chesney, J.). Plaintiff seeks damages of $50,000 for each of the statutory violations and an estimate of $1,500 for conversion.[2] When considering a motion for default judgement, well-pleaded factual allegations are sufficient to establish a defendant's liability, but allegations regarding damages are not controlling. *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F. Supp. 2d 1196, 1197 (N.D. Cal. 2000) (citations omitted).

---

[2]   Plaintiff's motion indicates it seeks a total of $102,000, but its declaration indicates it seeks $101,500. The court assumes the declaration to be correct.

As an initial matter, plaintiff seeks separate awards of damage under the two statutes for the same alleged violation (the November 27, 2004 unauthorized broadcast).  However, where violations of both sections 605 and 553 stem from the same conduct, in the absence of "unusual or particularly egregious circumstances," courts generally impose damages under secion 605(a) only. *See Backman*, 102 F. Supp. 2d at 1197 (Henderson, J.); *Montecinos*, 2002 WL 1735384 at *1; *Kingvision Pay-Per-View, Ltd. v. Arias*, 2000 WL 20973, *1 (N.D. Cal. 2000) (Illston, J.); *but see Don King Productions/Kingvision v. Escalera*, 1997 WL 61300 (N.D. Cal. 1997) (Walker, J.) (awarding minimum statutory damages under both section 605 and section 553).  Neither the complaint nor plaintiff's motion for default judgment sets forth "unusual or particularly egregious circumstances" supporting imposition of damages under both statutory provisions for the same violation.  Accordingly, the court will only consider damages under section 605.

Plaintiff elects statutory damages rather than actual damages as permitted by section 605(e)(3)(C)(i).  Section 605(e)(3)(C)(i)(II) provides for statutory damages of not less than $1,000 and not more than $10,000 for each violation of section 605(a), as the court considers just.  In addition, Section 605(e)(3)(C)(ii) provides for discretionary enhancement of the award of damages where "the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage."

Here, plaintiff seeks $50,000 for defendants' violation of section 605(a).  The facts indicate that defendants charged a ten dollar cover and that forty patrons were present during the telecast. The factual allegations do not support a statutory damage award greater than $1,000.  *See Jimenez*, 2002 WL 31109707 at *1 ("Where events were broadcast on a single occasion to a small audience, and the plaintiff produces little or no evidence of financial gain, courts typically have awarded only the $1,000 statutory minimum.").  Further, the facts do not support the extent of enhancement of damages sought.  For example, there is no indication that this is a repeat offense or that defendants engaged in active recruitment of people to view the telecast.  *See, e.g., Universal Sports Network, Inc. v. Jimenez*, 2002 WL 31109707, *1 (N.D. Cal. 2002) (Conti, J.); *Montecinos*, 2002 WL 1735384 at *1.  Under exact circumstances other courts have found a $5,000 enhancement proper. *See Kingvision Pay-Per-View, Ltd. v. Chavez,* 2000 WL 1847644, *3 (N.D. Cal. 2000) (Breyer, J.)

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT—No. C-05-05017 RMW
SPT                                                                3

(assessing $1,000 in damages and a $5,000 enhancement where there was a ten dollar cover and forty patrons present for the telecast); *Montecinos*, 2002 WL 1735384 at *1 (awarding $1,000 in damages and $5,000 enhancement where there was a ten dollar cover and thirty-five patrons). Accordingly, the court finds it appropriate to award statutory damages of $1,000 and enhancement damages of $5,000 under 47 U.S.C. § 605, *et seq*.

### B.  Conversion

Plaintiff also seeks damages approximated at $1,500 for its conversion claim.  Other than indicating that this is an approximation of damages sought for its conversion claim, plaintiff offers no facts or reasoning to show why such an amount is proper.  The facts in the affidavit support conversion damages of $400.  The affidavit of the private investigator indicates forty persons in attendance at the unauthorized telecast with a cover charge of ten dollars.  *See, e.g., Kingvision Pay-Per-View, Ltd. v. Dailey*, 2002 WL 596806, *2 (N.D. Cal. 2002) (Illston, J.) (awarding damages for conversion claim based on the number of persons in attendance multiplied by the cover charge).

### C.  Costs and Fees

Finally, plaintiff is entitled to reasonable fees and costs.  *See* § 605(e)(3)(B)(iii).  Plaintiff seeks recovery of $2,500 in attorney's fees and an unspecified amount of costs.  Plaintiff is to file written declaration supporting the specific amount of attorney's fees requested within fourteen days and an appropriate cost bill.  *See* Civil L.R. 54-1(a) and 54-6(b).

## II.  ORDER

For the foregoing reasons, the court GRANTS plaintiff's motion for default judgment. Judgment shall be entered in favor of plaintiff in the amount of $6,400 in damages plus costs and reasonable attorney's fees.  Plaintiff is to file within fourteen days a written declaration supporting the specific amount of attorney's fees requested and a cost bill.  The September 22, 2006 hearing date is VACATED.

DATED:    9/20/06

RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

Thomas P. Riley          tprlaw@att.net


**Counsel for Defendants:**

Lan Thu Tran
420 W. Wm. Cannon
Austin, TX 78745

Alfred S. Wright
Law Offices of Alfred S. Wright
1485 Park Avenue, Suite 200
San Jose, CA  95126



Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.


**Dated:**     **9/20/06**                                     **SPT**
                                                               **Chambers of Judge Whyte**